**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ESTATE OF MICHAEL P MAZZA, DONALD MAZZA, and DARA MAZZA, Plaintiffs, v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION (NCAA), MOUNT IDA COLLEGE, MUTUAL OF OMAHA INSURANCE, CATLIN INSURANCE COMPANY, ROBERT MCCLOSKEY INSURANCE, BMI BENEFITS, LLC, ABC CORPS 1–10, and JOHN DOES 1–10, Defendants. | Civ. No. 18-10028 **OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Remand by Defendant National Collegiate Athletic Association ("NCCA"). (ECF Nos. 9–10.) No party has timely filed opposition, so the Court considers the Motion unopposed. *See* L. Civ. R. 7.1(d)(2). The Court has decided this matter based upon the written submission of Defendant NCAA and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion to Remand is granted.

## BACKGROUND

This case arises from the death of Michael Mazza, which was allegedly caused by a conditioning workout in which he participated as part of the Mount Ida College football team. (*See generally* Am. Compl., ECF No. 1-2.) Plaintiff originally filed this action in February 2018

in the Superior Court of New Jersey, Law Division, Monmouth County. (Notice Rmv'l ¶ 1, ECF No. 1.) On June 1, 2018, Defendant Mount Ida College removed to this court. (*See generally id.*) On July 2, 2018, Defendant NCAA moved to remand the case back to the Superior Court of New Jersey. (ECF Nos. 9–10.) This Motion is presently before the Court.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. § 1441(a). However, the federal court to which the action is removed must have subject matter jurisdiction. *Id.* Federal district courts have subject matter jurisdiction on the basis of diversity when the action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To establish complete diversity of citizenship between the parties, each plaintiff must be a citizen of a different state from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## DISCUSSION

Subject matter jurisdiction in this case is premised on diversity. (Notice Rmv'l ¶ 5; *see also* Am. Compl. ¶¶ 26–46 (asserting only state law claims).) Plaintiffs are citizens of New Jersey. (Notice Rmv'l ¶ 6.) Defendant NCAA is an unincorporated association. (Mot. Remand at 3, ECF No. 10.) For the purposes of subject matter jurisdiction, an unincorporated association is deemed a citizen of every state where its members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990); Charles Alan Wright et al., 13F Federal Practice and Procedure Jurisdiction § 3630.1 (3d ed., Apr. 2018 update). NCAA has many members in New Jersey, *see* NCAA Member Institutions, http://www.ncaa.org/about/resources/research/ncaa-member-

institutions (last visited Aug. 29, 2018), making NCAA a citizen of New Jersey, among other states. Because Plaintiffs are not diverse from Defendant NCAA, this court lacks subject matter jurisdiction. *See Owen*, 437 U.S. at 373. The case must therefore be remanded to the Superior Court of New Jersey.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is granted, and the case remanded. An appropriate Order will follow.

Date:   9/4/2018                              */s/ Anne E. Thompson*
                                              ANNE E. THOMPSON, U.S.D.J.